UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PARMALEE ANN ZOCHIOS,

                              Plaintiff,

v.

NANCY A. BERRYHILL,
DEPUTY COMMISSIONER OF OPERATIONS,
performing the duties and functions not reserved
to the Commissioner of Social Security,

                              Defendant.

Case # 17-CV-6207-FPG

DECISION AND ORDER

**INTRODUCTION**

Parmalee Ann Zochios brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security that denied her application for disability insurance benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

**BACKGROUND**

On August 1, 2013, Zochios applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 156-65. She alleged disability since July 1, 2013 due to diabetes, neuropathy, right eye issues, migraines, carpel tunnel syndrome and arthritis in both hands, edema, depression, and

---

[1] References to "Tr." are to the administrative record in this matter.

1

bipolar disorder. Tr. 196-97. On June 26, 2015, Zochios and a vocational expert ("VE") appeared and testified before Administrative Law Judge Brian Kane ("the ALJ"). Tr. 44-75. On August 12, 2015, the ALJ issued a decision finding that Zochios was not disabled within the meaning of the Act. Tr. 16-28. On February 8, 2017, the Appeals Council denied Zochios's request for review. Tr. 1-4. Thereafter, Zochios commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Zochios's claim for benefits under the process described above. At step one, the ALJ found that Zochios had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found that Zochios has the following severe impairments: diabetes mellitus, polycystic ovary syndrome, migraines, mild bilateral carpel tunnel syndrome, and obesity. Tr. 18-20. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 21-22.

Next, the ALJ determined that Zochios retains the RFC to perform light work[2] with additional limitations. Tr. 22-26. Specifically, the ALJ found that Zochios can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for four hours and sit for six hours in an eight-hour workday; and frequently finger and handle with the bilateral upper extremities. Tr. 22.

At step four, the ALJ relied on the VE's testimony and found that this RFC prevents Zochios from performing her past relevant work. Tr. 26. At step five, the ALJ relied on the VE's testimony and found that Zochios can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 26-27. Specifically, the VE testified that Zochios could work as a telephone solicitor, information clerk, and data entry clerk. Tr. 27. Accordingly, the ALJ concluded that Zochios was not "disabled" under the Act. Tr. 28.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

**II.     Analysis**

Zochios argues that remand is required because the ALJ erred at step two by finding that her mental impairments constituted nonsevere impairments and by ignoring those impairments when he assessed her RFC.[3]  ECF No. 11-1 at 13-16; ECF No. 15 at 1-2.  The Court agrees.

At step two of the disability analysis, the ALJ considers the medical severity of the claimant's impairments.  20 C.F.R. § 404.1520(a)(4)(ii).  A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 404.1521.  "Basic work activities" are "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. § 404.1521(b). It is the claimant's burden to present evidence that establishes the severity of her impairment.  20 C.F.R. § 404.1512(c).  The claimant must demonstrate "that the impairment has caused functional limitations that precluded [her] from engaging in any substantial gainful activity for one year or more."  *Perez v. Astrue*, 907 F. Supp. 2d 266, 272 (N.D.N.Y. 2012) (citing *Meadors v. Astrue*, 370 F. App'x 179, 182 (2d Cir. 2010) and *Rivera v. Harris*, 623 F.2d 212, 215 (2d Cir. 1980)).  A finding of "not severe" should be made if the medical evidence establishes only a slight abnormality that would have no more than a minimal effect on an individual's ability to work.  *Id.* at 271; *see also* S.S.R. 85-28, 1985 WL 56858, at *3 (S.S.A. Jan. 1, 1985).

"An error at step two—either a failure to make a severity determination regarding an impairment, or an erroneous determination that an impairment is not severe—can be harmless error if the ALJ continues the analysis and considers all impairments in [his] RFC determination."  *Sech v. Comm'r of Soc. Sec.*, No. 7:13-CV-1356 GLS, 2015 WL 1447125, at *3 (N.D.N.Y. Mar. 30,

---

[3]  Zochios advances another argument that she believes requires reversal of the Commissioner's decision.  ECF No. 11-1 at 16-20; ECF No. 15 at 3-4.  However, because the Court disposes of this matter based on the ALJ's failure to properly consider her nonsevere impairments in the RFC analysis, that argument need not be reached.

2015); *see* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your [RFC]."). Remand is required if the ALJ fails to account for the claimant's nonsevere impairments when determining her RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("[A]fter finding that [the claimant]'s mental impairment of depression does not cause more than minimal limitation in her ability to perform basic mental work activities and is therefore nonsevere, . . . the ALJ determined [the claimant]'s RFC without accounting for any of the limitations arising from her mental impairment[.] Thus, the ALJ committed legal error."); *Schmidt v. Colvin*, No. 15-CV-2692 (MKB), 2016 WL 4435218, at *13 (E.D.N.Y. Aug. 19, 2016) ("Where an ALJ fails to account for any functional limitations associated with the [non-severe] impairments in determining the claimant's RFC, a court must remand for further administrative proceedings.") (quotation marks and citations omitted).

Here, the ALJ determined at step two that Zochios's medically determinable impairments of anxiety and bipolar disorders did not cause more than minimal limitations in her ability to perform basic mental work activities and were therefore nonsevere impairments. Tr. 18-20. Regardless of whether the ALJ properly classified Zochios's mental impairments as nonsevere, remand is required because he did not consider those nonsevere impairments when assessing her RFC. Tr. 22-26; *see Parker-Grose*, 462 F. App'x at 18 (holding that even if substantial evidence supported the ALJ's decision that the plaintiff's mental impairment was nonsevere, "it would still be necessary to remand this case for further consideration because the ALJ failed to account for [the plaintiff's] mental limitations when determining her RFC"). The ALJ's step two conclusion includes boilerplate language indicating that the RFC assessment "reflects the degree of limitation [he] found in the . . . mental function analysis," however, the ALJ's RFC analysis does not mention

6

Zochios's anxiety or bipolar disorders and the RFC determination lacks any related mental limitations. Tr. 20, 22-26. Accordingly, remand is required. *See, e.g.*, *Schmidt*, 2016 WL 4435218, at *13 ("Because the ALJ failed to account for the limitations imposed by Plaintiff's non-severe mental impairments, the Court remands for consideration of those limitations in determining Plaintiff's RFC."); *Jackson v. Colvin*, No. 14-CV-55, 2016 WL 1578748, at *4 (W.D.N.Y. Apr. 20, 2016) ("[T]he ALJ failed to properly consider [the] plaintiff's mental impairments, whether severe or non-severe, throughout the entire five-step sequential evaluation. As a result, the ALJ's RFC finding was not supported by substantial evidence.") (citation omitted).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 18, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court